MOTION PICTURES CAPITAL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

INVESTORS EQUITY COMPANY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 60564, 62440. Promulgated April 5, 1935.

*Bernhard Knollenberg, Esq.,* and *Harry J. Rudick, Esq.,* for the petitioners.

*Ralph E. Smith, Esq.,* for the respondent.

---

SEAWELL: The Motion Pictures Capital Corporation, hereinafter sometimes referred to as the transferor, incurred expenses of $49,-464.83 in connection with its organization in 1923. At various times during the years 1924 to 1929, inclusive, it increased its capital stock and incurred expenses aggregating $10,440.50 in connection therewith.

The transferor's capital stock was listed on the New York Stock Exchange. In connection with the listing of all or some of its increases of capital stock the transferor paid the New York Stock Exchange listing fees aggregating $3,729.42. The stock was not listed on the New York Stock Exchange after October 22, 1929.

None of the amounts just referred to were deducted from gross income by the transferor in income tax returns rendered for any period prior to the taxable period.

On October 23, 1929, the transferor was merged with the Investors Equity Co., another Delaware corporation, hereinafter sometimes referred to as the transferee, and incurred legal fees and expenses amounting to $12,871.43 in connection therewith.

As a result of the merger all of the assets and property of the transferor, having a value in excess of the amount of tax and interest thereon involved here, were transferred to the transferee.

In his determination of a deficiency of $8,893.87 in income tax against the transferor for the period January 1 to October 22, 1929, the respondent refused to allow any of the amounts set forth above as deductions from the gross income. The petitioners claim that the organization expenditures, cost of increasing the transferor's capital stock, and fees paid for listing the additional stock on the New York Stock Exchange are deductible as losses. They also claim that the expenditure requisite in obtaining the merger is deductible as an ordinary and necessary business expense. The Investors Equity Co. concedes transferee liability for any tax due from the Motion Pictures Capital Corporation.

We have frequently held that organization expenses of a corporation are capital expenditures. The meager stipulated facts, all of which are set forth above, do not itemize the expenditures incurred in connection with increasing the transferor's capital stock. The parties treat the amounts as capital expenditures, in view of which we find no reason to question the nature of the expenditures.

In *Citizens Trust Co.*, 20 B. T. A. 392, we had the question of whether the petitioner could deduct organization expenditures as a loss in the year of its merger with another corporation. We declined to allow the loss on the ground that under the laws of New York a merged corporation, while losing its separate identity, becomes an

integral part of the surviving corporation, carrying into it all of its "rights, powers, liabilities and assets" except the "indicia and attributes of a corporate body distinct from that into which it is merged."

Mergers are statutory. *Alice V. St. Onge*, 31 B. T. A. 295. Section 60 of the Corporation Laws of Delaware provides that, when the agreement of the parties to a merger is duly recorded, as provided by section 59:

* * * the separate existence of all of the constituent corporations, or all of such constituent corporations except the one into which such constituent corporations have been merged, as the case may be, shall cease, and the constituent corporations shall become a new corporation or be merged into one of such corporations, as the case may be, in accordance with the said agreement, possessing all the rights, privileges, powers and franchises, as well of a public as of a private nature, and being subject to all the restrictions, disabilities and duties of each of such corporations so consolidated, and all and singular, the rights, privileges, powers and franchises of each of said corporations, and all property, real, personal and mixed, and all debts due to any of such constituent corporations on whatever account, as well for stock subscriptions as all other things in action or belonging to each of such corporations shall be vested in the consolidated corporation; and all property, rights, privileges, powers and franchises and all and every other interest shall be thereafter as effectually the property of the consolidated corporations as they were of the several and respective constituent corporations, and the title to any real estate, whether by deed or otherwise, under the laws of this State, vested in any of such constituent corporations, shall not revert or be in any way impaired by reason of this Chapter; provided, that all rights of creditors and all liens upon the property of any of said constituent corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said consolidated corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

The Delaware statute is to the same effect as the New York law. With this the petitioners agree. They also concede that the case is on all fours with *Citizens Trust Co.*, *supra*. The arguments they advance in an effort to convince us that the decision is wrong were fully considered in that case. We adhere to the rule announced therein and decide the issues relating to the deductibility of the items of $49,464.83 and $10,440.50 as losses in favor of the respondent.

Fees paid for listing capital stock on a stock exchange create rights and benefits for an indefinite period and may not be deducted as ordinary and necessary business expenditures. *Dome Mines, Ltd.*, 20 B. T. A. 377; *Baltimore & Ohio Railroad Co.*, 29 B. T. A. 368. The petitioners claim that the expenditures resulted in an asset of a capital nature, the usefulness of which expired with the withdrawal of the stock from the exchange at the time the merger took place. They say that corporations having their stock listed on an exchange find it easier to obtain credit and borrow money. If the fees paid for

listing the stock did result in the acquisition of a capital asset, the reasoning of *Citizens Trust Co., supra*, controls our answer. If the purpose of listing the stock was to create a market for the sale of the stock or obtain credit, there being nothing in the stipulation to the contrary, clearly no loss was sustained, for such expenditures do " not result in the acquisition of any asset other than the capital itself." *James I. Van Keuren*, 28 B. T. A. 480. On this issue the respondent is sustained.

In the case of *Odorono Co.*, 26 B. T. A. 1355, where the petitioners sold their assets and businesses to another corporation in a sale which, for the purposes of the case, we treated as a reorganization or other nontaxable transaction within the meaning of section 112 of the Revenue Act of 1928, we held that attorney fees paid by the petitioners in connection with the transactions were not deductible as ordinary and necessary business expenses. We think that ruling controls our answer to the remaining issue respecting the deductibility of the legal fees and expenditures incurred in the merger of the transferor with the transferee. The case of *Welch* v. *Helvering*, 290 U. S. 111, is not regarded as contrary to the result or reasoning of the *Odorono Co.* case, *supra*.

Reviewed by the Board.

*Decision will be entered for the respondent.*