## BALTIMORE & O. R. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3777.

Circuit Court of Appeals, Fourth Circuit.

June 18, 1935.

Hugh C. Bickford, of Washington, D. C. (R. Kemp Slaughter, of Washington, D. C., on the brief), for petitioner.

Carlton Fox, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals involving income taxes of the petitioner for the year 1927 in the amount of $502,498.56. The decision of the Board is reported in 29 B. T. A. 368, and the petition to review was filed May 8, 1934, pursuant to the provisions of sections 1001 and 1003 of the Revenue Act of 1926, c. 27, 44 Stat. 9, as amended by section 1101 of the Revenue Act of 1932, c. 209, 47 Stat. 169 (26 USCA § 1224 and note, and § 1226).

There is no dispute as to the facts, and three main questions are involved in this appeal:

(1) Is the amount of the reduction in the subscription price of an issue of petitioner's capital stock deductible from gross income as interest paid on an indebtedness of the petitioner said to have been incurred by it to the subscribers to its stock as a result of the fact that in accordance with the subscription offer they paid for the stock in advance of its issue?

(2) Are underwriting commissions or expenditures to bankers for the insurance of an issue of capital stock and other expenditures made by petitioner in connection with the issuance of its capital stock deductible from its gross income, either as losses or business expenses?

(3) Whether a part of the compensation received from the city of New York for property condemned for public purposes is taxable as income in the year in which it is received, and whether there was any error in the procedure before the Board in the hearing on the question of fixing the value of the property as of March 1, 1913?

The petitioner is a Maryland corporation engaged in the business of operating a railroad and transportation system, either directly or through wholly-owned subsidiaries. It has kept its books on the accrual system of accounting in accordance with the system of accounting prescribed

by the Interstate Commerce Commission. It filed a consolidated return for the purposes of taxation for the year 1927.

■ As to the first point involved, the facts are as follows:

On June 9, 1927, petitioner's board of directors resolved to issue and sell 632,425 shares of its authorized but unissued common stock of a par value of $100 a share, and to offer to its common and preferred shareholders the right to subscribe therefor to the extent of a certain percentage of their holdings at the price of $107.50 a share, payable as indicated in a notice to shareholders. The shareholders were advised of their subscription rights and were given the option in exercising them either to pay $106.83 on or before July 21, 1927 (which is the full subscription price less a deduction of interest on the par value at the rate of 6 per cent. per annum from July 21, 1927, to September 1, 1927, when certificates were to be delivered, and the subscribers could participate in dividends), or to pay $32.25 on or before July 21, 1927, and $74.60 on December 1, 1927 (which is the balance of the full subscription price less a deduction of interest on 30 per cent. of the par value at the rate of 6 per cent. per annum from July 21, 1927, to December 1, 1927).

Petitioner's shareholders purchased 614,925 shares of the issue. Petitioner claimed the amount credited by it to its stockholders, as a result of having received the subscription in advance of the issuance of stock, as a deduction from its gross income under section 234 (a) (2) of the Revenue Act 1926, 26 USCA § 986 (a) (2). The Commissioner of Internal Revenue denied this deduction and the Board approved his action, holding that this amount was not interest, even though it was so treated on the books of the petitioner, and holding that the money petitioner received was not loaned or borrowed, but represented the purchase price of stock sold by it to be delivered in the future. The Board further held that the price of $107.50 per share was only nominally fixed at that amount, reasoning that the subscribers could not have recovered the amount paid as a debt, but only if there had been a breach of petitioner's contract; that the offer was a mere formula, which does not suffice to create indebtedness that does not in fact exist, or to transform a discount in price into interest on indebtedness. It is claimed on behalf of petitioner that the subscribers to the issue of stock were not stockholders until the stock was actually issued and that there was a period of several months during which the petitioner was in possession of and had the right to use the money thus advanced, upon which money it made certain payments which should have been considered as interest on the money thus advanced. Section 234 (a) (2), Revenue Act 1926, provides for deduction from gross income of "all interest paid or accrued within the taxable year on its indebtedness," and the question presented is whether, as a result of the payment to it of the subscriptions in advance of the issuance of the stock as required by the offer, the petitioner incurred an indebtedness to the subscribers, and the stated reduction in the price of stock, paid for in advance, represents the payment of interest upon such indebtedness within the meaning of the statute.

It is well settled that deductions are only allowed as provided by statute and that in securing them the taxpayer must bring himself clearly within the terms of the statute. New Colonial Ice Co. v. Helvering, 292 U. S. 435, 54 S. Ct. 788, 78 L. Ed. 1348; Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049; Woolford Realty Co. v. Rose, 286 U. S. 319, 326, 52 S. Ct. 568, 76 L. Ed. 1128; Ilfeld Co. v. Hernandez, 292 U. S. 62, 66, 54 S. Ct. 596, 78 L. Ed. 1127.

We are of the opinion that the petitioner has not brought itself within the terms of any statute allowing the deduction here claimed. The fixing of the price at which the stock could be bought and the determining of a certain percentage of that price as interest was a bookkeeping transaction of the petitioner, and there is no substance in the transaction. No recovery of the amount so paid could have been had unless the petitioner had breached its contract for the delivery of the stock, and it was not an actual indebtedness incurred to the subscribers. A mere formula will not suffice for the purpose of securing the deduction. Old Colony R. Co. v. Commissioner, 284 U. S. 552, 52 S. Ct. 211, 76 L. Ed. 484, and Henrietta Mills v. Commissioner (C. C. A.) 52 F.(2d) 931.

The petitioner did not receive the sum as a loan, and it did not actually pay out interest thereon, or on the par value of the stock. We agree with the decision of the Board of Tax Appeals when it says: "The statute requires that there should be an in-

debtedness, that there should be interest upon it and that it should be paid or accrued within the taxable year."

The action of the Commissioner in disallowing the deduction and of the Board in approving the action of the Commissioner were correct.

■ We now come to the consideration of the second point involved. In connection with the sale of the stock issue mentioned above, the petitioner in the taxable year paid underwriting commissions or fees aggregating $1,422,956.25 to two New York banking houses and incurred and paid expenses for printing, etc., amounting to $17,053.80, and claimed these amounts as deductions as ordinary and necessary expenses of its business for the taxable year. In its petition for review by this court, it is claimed on behalf of petitioner that the deduction should have been allowed either as a business expense under section 234 (a) (1) of the Revenue Act of 1926, 26 US CA § 986 (a) (1), or as a loss under section 234 (a) (4) of said Revenue Act 1926, 26 USCA § 986 (a) (4).

The pertinent section of the Revenue Act of 1926, c. 27, 44 Stat. 9, is as follows:

"Sec. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 [section 981 of this title] there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise. * * *" U. S. C. App., title 26, § 986 (a) (1, 4), 26 USCA § 986 (a) (1, 4).

That these expenditures were not ordinary and necessary expenses is well settled, and we know of no authority to the contrary. Simmons Co. v. Commissioner (C. C. A.) 33 F.(2d) 75, 76, certiorari denied 280 U. S. 588, 50 S. Ct. 37, 74 L. Ed. 637, and Corning Glass Works v. Lucas, 59 App. D. C. 168, 37 F.(2d) 798, 68 A. L. R. 736, certiorari denied 281 U. S. 742, 50 S. Ct. 348, 74 L. Ed. 1155.

We think that the principles laid down in these cases, of which we approve, also settle conclusively the fact that these expenditures were not losses. As was said in the Simmons Co. Case: "Commissions paid for marketing stock simply diminish the net return from the stock issue. Finan-

cially, they are equivalent to an issue of stock at a discount from par; the par value must be carried as a liability without an offsetting, equal, amount of cash or property."

The Supreme Court said in the case of Helvering v. Union Pacific Ry. Co., 293 U. S. 282, 55 S. Ct. 165, 168, 79 L. Ed. 363: "There is no occasion for deduction of commissions from gross income at a later time unless the total amount realized by the sale of the bonds is less than their par value. In that case the difference alone is the amount to be amortized and deducted from gross income in the annual returns of the taxpayer. * * *"

In fact the petitioner received a net premium of 5¼ per cent. on the stock issued, and there was no loss when the par value is taken as a yardstick by which to measure. It is claimed on behalf of the petitioner that the deduction should be allowed because the statutes do not deny capital expenditures as a deduction, but obviously the claim for a deduction cannot thus be justified. Only when there is a clear provision therefor can any particular deduction be allowed. New Colonial Ice Co. v. Helvering, 292 U. S. 435, 54 S. Ct. 788, 78 L. Ed. 1348.

We are of the opinion that the decision of the Board in sustaining the action of the Commissioner was correct.

We now come to the third question. The petitioner owned certain property situated along the north shore of Staten Island in the state of New York acquired by subsidiaries of the petitioner prior to March 1, 1913. The city of New York condemned this property for public use and petitioner's title thereto passed to the city pursuant to condemnation on October 11, 1919. Litigation followed and the Court of Appeals of New York affirmed the judgment of the lower court on July 20, 1927, and the judgment was paid December 10, 1927. Included in the payment was interest on the judgment from October 11, 1919, when the judgment was rendered, to the date of the payment, December 10, 1927. The Commissioner of Internal Revenue charged the petitioner, in its income for taxable purposes for the year 1927, the difference between the value of this property on March 1, 1913, and the amount received for the property in the year 1927, as profit. Section 204 (b), Revenue Act 1926, 26 US CA § 935 (b). Later by an amended answer filed before the Board the Commissioner

alleged that the interest received should be added to petitioner's net income for the year 1927. The Commissioner did not treat the entire amount of the award as income, but only charged as gross income to the petitioner the gain derived. The Board of Tax Appeals, after hearing testimony, fixed the value of the property as of March 1, 1913, at a somewhat larger amount than that determined by the Commissioner and approved the action of the Commissioner in adding the profit computed, together with interest, to the petitioner's gross income for the year 1927.

It is first contended on behalf of the petitioner that a profit thus realized from an award of compensation for the taking of petitioner's property under the power of eminent domain was not income within the meaning of the Sixteenth Amendment to the Constitution and the various revenue acts, and was, therefore, not taxable. We cannot agree with this contention. There was unquestionably an augmentation of the petitioner's income for the year 1927 from the payment to it of an amount in excess of the value of the property as of March 1, 1913, and such profit is not, as is contended on behalf of the petitioner, exempt from taxation as a tax upon the obligation of the state, or any political subdivision thereof. As was said by the Supreme Court in Willcuts v. Bunn, 282 U. S. 216, 225, 51 S. Ct. 125, 130, 75 L. Ed. 304, 71 A. L. R. 1260: "Before the power of the Congress to lay the excise tax in question can be denied in the view that it imposes a burden upon the States' borrowing power, it must appear that the burden is real, not imaginary; substantial, not negligible. * * *"

The Circuit Court of Appeals for the Fifth Circuit said, in Fullilove v. United States, 71 F.(2d) 852, 854: "The city of Shreveport, it is agreed, fully compensated appellants for their property. It could not be required to pay more than its value. It was not affected in the slightest degree by the payment or nonpayment of income taxes assessed not to it but to appellants. It lost nothing by reason of the fact that appellants were required to pay income taxes, and it would have gained nothing if they had not been required to pay."

Cases relied upon on behalf of the petitioner are clearly distinguishable under the facts here admitted.

It is next contended on behalf of the petitioner that the interest paid on the principal of the award is exempt from taxation under section 213 (b) (4) of the Revenue Act of 1926, 26 USCA § 954 (b) (4). We do not think so. Again it is not a question of taxing an issue of securities that would affect the power of the states, or their political subdivisions, to borrow money, and the exemption contemplated by the Revenue Act clearly extends only to interest paid on obligations on the faith of which the state or the political subdivision has been able to borrow money. The interest is a part of the award itself under the Laws of New York. Laws N. Y. 1917, c. 631, § 2, provides, in part, as follows: "* * * In such cases interest at the legal rate upon the sum or sums to which the owners are justly entitled upon the date of the vesting of title in the city of New York, as aforesaid, from said date to the date of the final decree of the court or to the date of the report of the commissioners of estimate, as the case may be, shall be awarded by the court or by the commissioners, as the case may be, as part of the compensation to which such owners are entitled. * * *"

This would also seem to be the rule in the absence of statute. Seaboard Air Line Ry. Co. v. United States, 261 U. S. 299, 43 S. Ct. 354, 67 L. Ed. 664; Brooks-Scanlon Corporation v. United States, 265 U. S. 106, 44 S. Ct. 471, 68 L. Ed. 934; Phelps v. United States, 274 U. S. 341, 47 S. Ct. 611, 71 L. Ed. 1083.

It is finally contended on behalf of the petitioner that the gain derived did not accrue in the taxable year when the award was paid. There is no authority holding that an item is taxable in any year prior to that in which its amount can be estimated with reasonable certainty. The income tax law is concerned only with realized losses as with realized gains. Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010; see, also, Uncasville Mfg. Co. v. Commissioner (C. C. A.) 55 F.(2d) 893, certiorari denied 286 U. S. 545, 52 S. Ct. 497, 76 L. Ed. 1282.

It is admitted that in the condemnation case, the title to at least a part of the propery was in dispute, and until the litigation was finally determined it was not possible to say what amount the petitioner would realize as a profit in the transaction.

The amount of the gain realized by the petitioner was clearly taxable, and the interest was a part of the award and also taxable. The decision of the Board on these questions was clearly right. A ques-

tion is raised as to the amount fixed by the Board as to the value of the condemned property as of March 1, 1913, and it is contended that the value as fixed by the Board was not supported by any evidence. There was a great deal of opinion evidence taken. The overwhelming weight of authority supports the view that the Board is not bound to accept opinion testimony, even if uncontradicted, but an examination of the record shows that there was ample evidence to sustain the conclusion reached by the Board, which we think was a fair and proper one, and the fact that the exact value found by the Board was not mentioned by any witness is of no moment. After hearing the evidence, the Board was exercising its independent judgment in fixing the value and we can find no error in this respect.

A motion was made before the Board for a new trial upon the ground that there was newly discovered evidence consisting of the additional opinion evidence of two witnesses, but a scrutiny of the alleged after-discovered evidence leads us to the conclusion that it was purely cumulative and could not add enough weight to the opinions given by the petitioner's witnesses already heard to justify a reversal of the finding of the Board. It is universally held that the granting or denying of a motion for a new trial lies within the sound discretion of the trial court, and will not be disturbed, except for an abuse of such discretion. Great Atlantic & Pacific Tea Co. v. Chapman (C. C. A.) 72 F.(2d) 112. Nor will a new trial be granted where, as here, the evidence is merely cumulative, and it does not appear that a submission would in all probability change the result. Wulfsohn v. Russo-Asiatic Bank (C. C. A.) 11 F.(2d) 715; Payton v. Ideal Jewelry Mfg. Co. (C. C. A.) 7 F.(2d) 113. These rules apply to denial of a rehearing by the Board of Tax Appeals. Bankers' Pocahontas Coal Co. v. Burnet, 287 U. S. 308, 53 S. Ct. 150, 77 L. Ed. 325; Weiller v. Commissioner (C. C. A.) 64 F.(2d) 480.

The Board of Tax Appeals clearly had the right to make an independent finding as to the value of the property as of March 1, 1913, from the evidence before it and was not bound by the finding of the Commissioner as to the amount.

For the reasons given above, the decision of the Board on the points involved in the petition for review is affirmed.

Affirmed.