### MOTION PICTURE CAPITAL CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### INVESTORS EQUITY CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

#### Nos. 95, 96.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1936.

Bernhard Knollenberg and Harry J. Rudick, both of New York City (Lord, Day & Lord, of New York City, of counsel), for appellants.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to the Atty. Gen., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

As Investors Equity Company, Inc., does not dispute its liability for the deficiency as transferee provided any tax is due, we shall discuss the merits as though Motion Picture Capital Corporation were alone the petitioner.

It was organized in 1923 under the laws of Delaware. The expenses of its organization were $49,464.83, and some time later it paid $10,440.50 in addition for expenses incurred in increasing its capital. These payments concededly were capital items neither deducted nor deductible in the taxable period paid or incurred. Its stock was listed on the New York Stock Exchange at a cost in fees of $3,749.42, and remained so listed up to the time petitioner was merged with Investors Equity Company, Inc., another Delaware corporation, October 23, 1929. These fees were also properly treated as a nondeductible capital item when they were paid. The petitioner paid $12,871.43 for legal fees and expenses in connection with the merger above mentioned. All of these items were claimed as deductions for the taxable period in issue on the ground that the first three were business losses then incurred and that the last was a deductible expense. All were disallowed.

It is well understood that, before any income can be freed from taxation by means of deductions, there must be an applicable statute permitting it. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S. Ct. 788, 78 L.Ed. 1348. The only ground for insisting upon the deduction of the first three items is that they were losses sustained by the petitioner in its business in 1929. There is no proof that the petitioner had assets at the beginning of 1929, which it had acquired in making the payments, then equal in value to those payments and lost during the period involved. It is apparent the petitioner had had the benefit of its organization as a corporation during all the years of its existence; of its increased capital stock since that took place; and of having its stock listed upon the exchange from the time that occurred. Those benefits up to the beginning of 1929 may well have been worth as much or more than what was paid to secure them. But, however that may be, they were personal advantages which continued to be valuable so long as they were useful. Nevertheless, they were in no real sense losses to the amount of cost or in any amount when the merger occurred. Instead, they were but part of the capital cost to the petitioner of rights essential to its existence but having no value as an asset apart from the petitioner itself. Because it obtained only personal advantages when it made the payments, it had nothing to show for them which could be subject to loss within the deduction statute. In this respect they are like commissions paid by a corporation for selling its own stock to obtain capital which are not deductible, though the net return from the sale, i. e., the capital obtained, is so much the less. See Barbour Coal Co. v. Commissioner (C. C.A.) 74 F.(2d) 163; Baltimore & Ohio R. R. Co. v. Commissioner (C.C.A.) 78 F. (2d) 460.

Nor were the merger expenses deductible. While it is true that they were ordinary and necessary expenses of the merger and it may be true in broad concept that mergers are ordinary and necessary business occurrences, see Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212, the expenses to be deductible must be incurred by a taxpayer in doing the ordinary and necessary things his business requires to

be done to make it function as such. These expenses were incurred in connection with the taxpayer's business, but were not necessary in the ordinary course of its conduct. On the contrary, they were made necessary by its decision to carry on its business no longer. Unless we were able, as of course we are not, to leave reality far enough behind to visualize as a part of the taxpayer's ordinary and necessary business activities the merger of itself with another corporation, we cannot bring the payment within the scope of the deduction statute.

Affirmed.