## SKENANDOA RAYON CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Second Circuit.

July 31, 1941.

LeBoeuf, Machold & Lamb, of New York City (Horace R. Lamb and Craigh Leonard, both of New York City, of counsel), for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Newton K. Fox, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and AUGUS-TUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The main question presented by this appeal is whether the taxpayer is entitled to a dividends paid credit under section 27 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 837. The facts are not in dispute. The taxpayer had outstanding 5,632 shares of 7% cumulative preferred stock (without par value) upon which dividends of $45.50 per share were in arrears on July 1, 1937. During the year 1937 the corporation made net profits of more than enough to pay the arrears of dividends on its preferred stock, but it desired to retain funds for expansion of the business. Pursuant to votes of its stockholders and directors a "Plan of Recapitalization" was proposed by the terms of which it offered $5.50 cash and 1.4 shares of new 5% preferred stock of the par value of $100 in exchange for one share of old preferred stock on the understanding that the shareholder's right to accumulated unpaid and undeclared dividends thereon would thereby be released. The offer was accepted by holders of all but 79 shares of the old preferred. The holders of such 79 shares received $45.50 cash per share. The Board allowed the corporation a dividends paid credit for the cash payments made to old preferred stockholders, that is, $45.50 per share on the non-exchanged shares and $5.50 per share on the exchanged shares. The taxpayer contends that it should have received a dividends paid credit of $40 more on each of the exchanged shares, a difference in the aggregate of $222,120. On the books of the corporation this sum was transferred from earned surplus to capital account and treated as the consideration received for the issuance of 2221.2 shares of the new preferred stock out of the total of 7774.2 shares distributed to holders of 5553 shares of the old preferred.

Section 27(a) of the Revenue Act of 1936, 49 Stat. 1665, reads: "(a) Dividends Paid Credit in General. For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year."

But this provision is limited by paragraph (h) of section 27 as follows: "(h) Nontaxable Distributions. If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part."

Therefore, the taxpayer must show, as it concedes, that the item in dispute was a "taxable dividend". This it cannot do because, as the Board held, the transaction was a tax-free exchange (except for the cash payment of $5.50 per share) as an incident to a reorganization by recapitalization, within the provisions of sections 112(b)(2) and (3), (c)(1), (g)(1)(D) and 115(h)(1), 26 U.S.C.A. Int.Rev.Acts, pages 855, 857, 858, 870.

Pursuant to section 112(b)(2) no gain or loss can be recognized "if preferred stock in a corporation is exchanged solely for preferred stock in the same corporation"; and section 115(h) provides that a distribution by a corporation "of its stock or securities * * *, shall not be considered a distribution of earnings or profits * .* * (1) if no gain * * * was recognized by law." The taxpayer argues that the corporation's offer to its old preferred stockholders should be split into two offers: (1) to exchange one share of old preferred for one share of new preferred, and (2) to exchange $5.50 and four-tenths of a share of new preferred for a release by the stockholder of his right to arrears of dividends. The language of the documents is not apt for such an interpretation. The stockholders were offered 1.4 shares of new stock plus $5.50 cash for one old share and were told that "by accepting" they "will thereby release their claim to all dividends accrued and in arrears". Even were we to accept the argument that the right to arrears of undeclared dividends was something in addition to the shares, and consequently the exchange was not "solely" stock for stock, the taxpayer's path would be blocked by section 112(b)(3). The stockholders' rights to dividend arrears, if treated as separate from the stock itself, must certainly be considered as "securities in a corporation a party to a reorganization"—a curious "security" to be sure, but nevertheless a "security". The rights represented by accumulations of preferred dividends are rights to share in future earnings of the corporation in preference to common stock; as such they represent such a continuity of interest in the affairs of the corporation as to constitute them "securities". Cf. Lloyd-Smith

v. Commissioner, 2 Cir., 116 F.2d 642. It cannot be denied that there was a recapitalization and hence a "reorganization" within the definition described by section 112(g)(1)(D). Hence section 112(b)(3) would preclude the recognition of gain or loss. Except to the extent of the cash payment, as provided in section 112(c)(1), the distribution to the old shareholders was not taxable.

It is argued that the distribution of the 221.2 shares was in effect the same as a distribution of a cash dividend of $222,-120 which the stockholders used to buy the shares. But the offer gave them no election to take shares or cash at their option. Had a large number of holders stood out for cash, the plan of recapitalization would no doubt have been abandoned.

As an alternative theory, the taxpayer urges that the 221.2 shares of new preferred constituted a stock dividend, for which it is entitled to a dividends paid credit under section 27(e). On this theory, proof as to the fair market value of the stock was required, but none was offered at the hearing. After decision the taxpayer asked leave to reopen the case in order to adduce such proof. This motion the Board denied and its refusal is now alleged as error. The granting or denial of such motions rests in the sound discretion of the Board. Commissioner v. Sussman, 2 Cir., 102 F.2d 919, 923. In the case at bar we can see no abuse of discretion. The Board's refusal of the motion was not arbitrary. At the hearing counsel's attention had been specifically called to the fact that proof of market value should be offered if the stock dividend theory was to be relied upon. He was content to submit the case without such proof.

The final issue is on the Board's disallowance as a deductible business expense of the $15,000 attorney's fee paid in connection with the corporate recapitalization and the exchange of old stock for new. Business expenses are deductible only if "necessary" and "ordinary". Deputy v. Du Pont, 308 U.S. 488, 497, 60 S.Ct. 363, 84 L.Ed. 416. Expenses relating to recapitalization and reorganization of corporations cannot be deemed "ordinary" expenses. Motion Picture Capital Corp. v. Commissioner, 2 Cir., 80 F.2d 872, 873; Commercial Investment Trust Corp. v. Helvering, Com'r of Internal Revenue, 28 B.T.A. 143, affirmed, 2 Cir., 74 F.2d 1015; Baltimore & Ohio R. Co. v. Commissioner, 4 Cir., 78 F.2d 460.

The order of the Board is affirmed.