## LASTER et al. v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### Nos. 10028, 10029.

Circuit Court of Appeals, Fifth Circuit.

April 17, 1942.

Harry C. Weeks, of Fort Worth, Tex., for petitioners.

Helen R. Carloss, Sewall Key, J. Louis Monarch, and Lee A. Jackson, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Vernon F. Weekley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Conard E. Cooper, of Tulsa, Okl., amicus curiae for petitioner.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appealing from an opinion[1] and order of the board, taxpayers present three issues for decision. The first of these, whether taxpayers may deduct as intangible drilling and development costs, amounts paid to drilling contractors in connection with drilling and equipping oil wells, presents as to part of the wells identically, and as to the rest of them, substantially, the same facts, and is to be determined on substantially the same considerations as those in the Retsal case,[2] this day decided in favor of the taxpayer. Though, therefore, the taxpayers are insisting here that the wells on the Taylor and Brown leases were drilled under footage contracts and therefore come even more precisely under the regulations than the others do, it is not necessary in the view we take of the regulation, Cf. Comm. v. Ambrose, 5 Cir., 127 F.2d 47 to determine whether the terms of the Taylor and Brown contracts are really different from the others, since for the reasons set out in the Retsal and Ambrose cases, we decide this issue as to all of the wells, in favor of the taxpayers. The third issue, whether the cost to taxpayers of certain oil payments is recoverable only through depletion, was recently determined in Lee v. Comm., 5 Cir., 126 F.2d 825, in favor of the Commissioner. On the authority of that case, it will be determined here against the taxpayers' contention.

There remains for determination only the second issue, whether the installation cost of pumping equipment installed by a contractor under a lump sum bid[3] which listed the price for the installation separately from that for the material, is deductible by the taxpayer under the regulation, as intangible drilling and development costs. The Board, holding that the agreement was a turn key contract and that the equipment was acquired as a whole by purchase as a capital asset, and finding it unnecessary therefore, to determine whether the regulation was limited, as the Commissioner claimed, to drilling operations exclusive of pumping equipment, or extended as the taxpayer claimed, to installation costs of pumping equipment, disallowed the deduction as not within the regulation. The taxpayers, insisting that the expenditures for installation of pumping equipment come precisely within the terms of the regulation,[4] and that here was no turn key contract, urge upon us that the matter was wrongly decided by the Board. We do not think so. Assuming, as the Board did, that the pumping equipment costs claimed would be deductible if they were otherwise within the regulation, we think it clear that the Board was right in holding that they were not; that the contract in question was a true turn key contract; and that what occurred here was not the incurring of expenditures for intangible development costs but the purchase of a capital asset, pumping equipment installed on the wells.

The order of the Board is therefore reversed as to Issue 1, and affirmed as to Issues 2 and 3, and the cause is remanded to the Board for a re-determination of deficiencies in accordance herewith.

[1] 43 B.T.A. 159.

[2] Retsal Drilling Company v. Commissioner, 5 Cir., 127 F.2d 355.

[3] F.O.B. "Turnkey Installation."
We are listing below materials, which we propose to furnish and install in order to connect two wells to the Nick Barbare Power for you.

Equipment.
* * * * * * *
Total Equipment ...........$ 491.82
We will install the above listed equipment, including your Jacks and Pull Rods, which you already have, and turn to you ready for operation, for a consideration of ................$ 633.00
Total Turnkey Installation...$1,124.82

Installation cost does not include furnishing of water, we assume this is available.

[4] "Examples of items to which this option applies are, all amounts paid for labor * * * hauling and supplies, or any of them, which are used * * * in the construction of such * * * physical structures as are necessary for * * * the preparation of wells for the production of oil or gas. In general this option applies only to expenditures for those drilling and development items which in themselves do not have a salvage value. For the purpose of the option, labor, fuel, repairs, hauling, supplies, etc., are not considered as having a salvage value even though used in connection with the installation of physical property which has a salvage value."