## MISSOURI–KANSAS PIPE LINE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8681.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 8, 1945.

Decided March 9, 1945.

Francis D. Higson, of New York City, for petitioner.

Hilbert P. Zarky, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GOODRICH and McALLISTER, Circuit Judges and GIBSON, District Judge.

GOODRICH, Circuit Judge.

The taxpayer, Missouri-Kansas Pipe Line Company, referred to hereinafter as Mo-Kan, seeks a review in this Court of the action of the Tax Court upholding certain items of the Commissioner's assessment for the year 1940. There are six items, five of which are claims for deduction as ordinary and necessary expenses of the business. Internal Revenue Code

(1940) § 23(a), 26 U.S.C.A.Internal Revenue Code, § 23(a). The last claim is under the loss section. Internal Revenue Code (1940) § 23(f), 26 U.S.C.A. Internal Revenue Code, § 23(f).

■ We consider the argument for the taxpayer and its answer by the Commissioner with due care to stay within our own field in the review. The Supreme Court has recently emphasized the limitations of that field. See Dobson v. Commissioner of Internal Revenue, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248 rehearing denied 1944, 321 U.S. 231, 64 S.Ct. 495, 88 L.Ed. 691; Commissioner of Internal Revenue v. Scottish American Investment Company, Ltd., 1944, 323 U.S. 119, 65 S.Ct. 169. On the point of ordinary and necessary business expenses we have the express direction which appears in Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, 475, 64 S.Ct. 249, 254, 88 L.Ed. 171: "Except where a question of law is unmistakably involved a decision of the Board of Tax Appeals on these issues, having taken into account the presumption supporting the Commissioner's ruling, should not be reversed by the federal appellate courts. Careful adherence to this principle will result in a more orderly and uniform system of tax deductions in a field necessarily beset by innumerable complexities."

■ The first four claims have to do with expenses incurred in litigation during the taxable year. The amount of the expenditure is not in dispute. Three of the items were expenses in lawsuits, the other was expenses in the appearance before the Securities and Exchange Commission. Mo-Kan is a Delaware corporation which, in turn, organized, in 1929, the Panhandle Eastern Pipe Line Company to which it transferred all of its properties in exchange for all of Panhandle's capital stock. In 1930 Panhandle was in need of additional capital and being unable to supply the money itself, got it from Columbia Oil & Gasoline Corporation in exchange for half the stock of Panhandle. Due to increasing financial difficulties Mo-Kan went into receivership and by 1932 Panhandle had become subject to the control of Columbia. Subsequently, in 1935, the United States commenced an anti-trust suit against Columbia and others and a consent decree was entered. The history of this litigation need not be detailed. It is sufficient to state here that it is undisputed that Mo-Kan's principal asset was Panhandle and the source of all, or nearly all, of its revenue was that interest in Panhandle. The first of the lawsuits in which the taxpayer incurred expense in 1940 was an application to intervene in the anti-trust suit after a consent decree, previously entered in that suit, was reopened for further proceedings. The application allowed by the Supreme Court was by the taxpayer on behalf of Eastern Pipe Line Company. The second was a suit by taxpayer and another against Columbia and others for injunctive relief under the federal anti-trust laws. Panhandle was made a party defendant, the complaint stating that the action, in so far as Panhandle was concerned, was a representative one brought for and on behalf of Panhandle. The third suit was an action brought by the taxpayer in the State Court of Delaware to enjoin Columbia from obstructing Panhandle from refunding at a lower dividend rate an outstanding stock issue. The fourth proceeding was one before the Securities and Exchange Commission in which the taxpayer was permitted by the Commission to be heard in connection with certain applications before the Commission. One was by Panhandle; the other two were by Columbia.

It will be observed that Mo-Kan was in these various proceedings because of its interest as a shareholder in Panhandle. Mo-Kan, itself, was not being sued nor was it suing anyone who had violated a contract or committed a tort directly against it. That Mo-Kan had a strong business interest in Panhandle's prosperity is perfectly clear. That Mo-Kan would benefit to the extent to which its control over Panhandle was increased and that of Columbia decreased, is equally clear. Nevertheless, Mo-Kan's interest was that of a shareholder in Panhandle, albeit Panhandle was a child of Mo-Kan and the center of its economic hopes and fears. The Tax Court decided that the expenses incurred were not ordinary and necessary. We cannot say that this inference involved a mistake of law. While we have not decision point for point on the facts, the following show that the Tax Court was not departing from the beaten legal path. Deputy, Administratrix, et al. v. DuPont, 1940, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Interstate Transit Lines v. Commissioner of Internal Revenue, 1943, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607 rehearing denied 1943, 320 U.S. 809, 64 S.Ct. 26; Esmond

462

Mills et al. v. Commissioner of Internal Revenue, 1 Cir., 1943, 132 F.2d 753, certiorari denied, 1943, 319 U.S. 770, 63 S.Ct. 1432, 87 L.Ed. 1718.

■ The next item in dispute is the expense incurred by Mo-Kan in distributing to its stockholders warrants to subscribe for common stock to be issued by Panhandle. Here, again, the amount is not in dispute. But the Tax Court objected to the claim for deduction. We think the Tax Court was right. Expenses relating to a recapitalization and reorganization of corporations cannot be deemed "ordinary expenses". Skenandoa Rayon Corporation v. Commissioner of Internal Revenue, 2 Cir., 1941, 122 F.2d 268, certiorari denied, 1941, 314 U.S. 696, 62 S.Ct. 413, 86 L.Ed. 556, and authorities cited. The warrants were for Panhandle's stock. If Panhandle, itself, had distributed them it could not have claimed deduction as an expense. The Tax Court concluded, and we think correctly, that Mo-Kan is in no better position.

■ The final point urged by the taxpayer is that the Court erred in denying a deduction under the loss section for the expenses involved in a project looking to the extension of its activities in Michigan. The only point in controversy about this item is whether the project was abandoned prior to September 30, 1940. There was only one witness on this point. His testimony ends up by a statement from him that he thought the abandonment was early in 1940, but that an affidavit which he was shown, fixing 1941 as the date that the hoped for contract was made with another company, made him believe that it (the date of abandonment) was much later than he had thought it was. In other words, the one witness could not fix the date of abandonment. Clearly here there was no proof at all to support the taxpayer's claim and a finding in his favor, if it had been made, could not have been sustained.

■ There is little or no dispute in the evidentiary facts involved in these claims. The inference or conclusion to be drawn from the evidence is primarily for the Tax Court and its judgment stands unless the conclusion is not supported by evidence or unless it involves a mistake of law. The conclusions in the present case involve neither.

The decision is, therefore, affirmed.