**MILLS ESTATE, Inc. v. COMMISSIONER OF INTERNAL REVENUE.**

**COMMISSIONER OF INTERNAL REVENUE v. MILLS ESTATE, Inc.**

No. 101, Docket 22430.

United States Court of Appeals, Second Circuit.

Argued April 16, 1953.

Decided Aug. 5, 1953.

Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner and Joseph F. Goetten, Sp. Assts. to the Atty. Gen., H.

Brian Holland, Asst. Atty. Gen., for petitioner, commissioner.

William H. Hayes and J. Wesley Seward, New York City, for petitioner, taxpayer.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Both the Commissioner and the taxpayer have petitioned to review a decision of the Tax Court redetermining the deficiencies here questioned.

A deduction of the amount of fees and expenses paid in 1946 to attorneys was claimed under section 23(a) (1) (A) I.R.C., 26 U.S.C.A. § 23(a) (1) (A), as an ordinary and necessary expense paid during the taxable year in carrying on the taxpayer's trade or business. It was disallowed by the Commissioner. The Tax Court, allowing one-half as an expense attributable to the cost of carrying out a partial liquidation and disallowing the remainder as a capital expense attributable to the cost of a reorganization, redetermined the deficiencies accordingly. The taxpayer's position is that the entire amount claimed as deductible should have been allowed, and the Commissioner's is that none of it was allowable.

There is no dispute as to the facts. The taxpayer is a closely held New York corporation, having its principal place of business in the City of New York. It was organized primarily to acquire and hold as an investment all of the capital stock of a California corporation, Mills Estate, Incorporated, and to take title to, and operate, certain improved real estate in New York City. It originally had an authorized capital stock of $5,000,000 consisting of 50,000 shares, each of the par value of $100.

In 1917, it acquired all of the California corporation's stock and New York City improved real estate in return for all of its own stock with the exception of five shares issued to its directors as qualifying shares. It continued to hold and operate this real estate until 1941, when it sold it for $3,625,000 and discontinued that part of its business. Then it became a personal holding company and liable for surtaxes as such.

Its resulting tax situation was given consideration, and the directors, in order to make it less onerous, decided upon and made pro rata cash distribution to its stockholders of $3,630,000, of which $2,200,000 was charged to capital and $1,430,000 to surplus.

Necessary compliance with the law of New York[1] required changes in the corporation's capital structure so that after the proposed distribution had been made its remaining assets, computed in accordance with such law, would at least be equal to the aggregate amount of its debts, including capital. Such changes were made by reducing the authorized amount of capital stock from $5,000,000 to $2,800,000 and the number of shares from 50,000 having a par of $100 to 28,000 having the same par value, by the surrender of 22,000 shares of stock to the taxpayer which were then cancelled, and by the surrender of the remaining 28,000 shares for which new certificates were issued.

In 1946 the taxpayer paid its attorneys $20,000 for their services and $101.66 to reimburse them for their expenses in connection with this entire matter. There was no allocation of any part of the payment between the cost of the alteration of the capital structure of the corporation and the cost of the distribution of the cash. The taxpayer kept its books and filed its returns on a cash basis and in its 1946 returns took a deduction for the entire amount paid. No question is raised as to the reasonableness of it. Although there was no basis in the record for a precise allocation, the Tax Court, relying somewhat upon Cohan v. Commissioner, 2 Cir., 39 F.2d 540, 543–544, divided it in half and found and held "that one-half of the expenditure in question was made with respect to reconstituting the stock of petitioner and related matters, with the result that such one-half must be treat-

[1]  See §§ 13, 36, 58 and 59 of the New York Stock Corporation Law, McK.Consol. Laws, and § 664 of the New York Penal Law, McK.Consol.Laws.

ed as a non-deductible capital item; and that the other one-half was made with respect to the distribution of assets, which we hold to be deductible." Two judges dissented on the ground that the entire expense was a non-deductible capital expenditure.

To the extent that the Tax Court allowed deduction, it relied on the decision of the Board of Tax Appeals in Pacific Coast Biscuit Co. v. Commissioner, 32 B.T.A. 39, and decisions which followed it, such as Laster v. Commissioner, 43 B.T.A. 159, affirmed in part and reversed in part on other grounds, 5 Cir., 128 F.2d 4, and Rite-Way Products Inc., 12 T.C. 475, holding that the expense of a complete liquidation of a corporation was deductible as an ordinary and necessary business expense. It then held that the expense of a partial liquidation was indistinguishable in respect to deductibility. Such decisions have not been without dissent in the Board of Tax Appeals and the Tax Court, and the Commissioner's discontent with them is shown by his repeated filing of non-acquiescences.[2] Nor do we find it necessary now to decide whether the expense of what is to be treated for tax purposes as a complete or a partial liquidation is deductible as a business expense.

■ . We do not think that the services of the attorneys should be split into parts and viewed separately to determine the deductibility of the expense of each part as though neither had any connection with the other. The part played in respect to the operation of the business is what counts in determining whether the necessary expense of obtaining it was an ordinary business expense which is deductible under section 23(a) (1) (A) of the Code. As was said in Case v. Commissioner, 9 Cir., 103 F.2d 283, 286, "For income tax purposes, the entire proceeding must be viewed as a single transaction. Substance and not form controls in applying a tax statute."

■■ This taxpayer, having decided to go out of the real estate operation part of its business and having turned its real estate into cash, underwent a recapitalization to give itself the capital structure it determined was best suited to carrying on that part of the business it was to continue. The services for which the attorneys were paid were all necessary steps to attain that end. What occurred was essentially a reorganization—a change in the corporate structure for the benefit of future operations—and the expenses of that sort of a corporate change are not deductible as ordinary and necessary expenses in carrying on a trade or business. Skenandoa Rayon Corp. v. Commissioner, 2 Cir., 122 F.2d 268, certiorari denied, 314 U.S. 696, 62 S.Ct. 413, 86 L.Ed. 556; Motion Picture Capital Corp. v. Commissioner, 2 Cir., 80 F.2d 872; Baltimore & O. R. Co. v. Commissioner, 4 Cir., 78 F.2d 460; Missouri-Kansas Pipe Line Co. v. Commissioner, 3 Cir., 148 F.2d 460. They are instead a part of the expenditure needed to give the corporation an intangible asset which we may call its altered corporate structure; and, as were the costs of its original organization, these expenditures were capital in nature.

■ Deduction statutes must be strictly construed and the taxpayer has the burden of bringing its claimed deduction clearly within some statute which grants the relief it seeks. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607; Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. For the above reasons this record does not show that that burden has been discharged.

Since we are not concerned with the tax liability of the stockholders who received part of the distribution of the cash but only with a matter affecting the tax liability of the corporation itself, whether part of what was done was a partial liquidation under section 115 I.R.C. is irrelevant. Consequently, Kelly v. Commissioner, 2 Cir., 97 F.2d 915 and Malone v. Commissioner, 5 Cir., 128 F.2d 967, now to be read in the light of Commissioner v. Estate of Bedford, 325 U.S. 283, 65 S.Ct. 1157, 89 L.Ed. 1611, on which the taxpayer relies, are not in point.

2. E.g., XIV–I Cum.Bull. 35; 1937–1 Cum.Bull. 45; 1952–14 Int.Rev.Bull. 1.

Decision reversed in so far as deduction is allowed and cause remanded for the reinstatement of the deficiencies as determined by the Commissioner.