THERMOID CO. v. COMMISSIONER OF
INTERNAL REVENUE.
No. 9051.

Circuit Court of Appeals, Third Circuit.
Argued March 4, 1946.

Decided May 22, 1946.

Montgomery B. Angell, of New York City (A. Harry Moore, of Jersey City, N. J., and J. Hampden Dougherty, of New York City, on the brief), for petitioner.

Morton K. Rothschild, of Washington, D. C. (Sewall Key, Acting Asst. Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS and O'CONNELL, Circuit Judges.

O'CONNELL, Circuit Judge.

In this petition for review of a decision by the Tax Court, Thermoid Company seeks relief from a determination of certain income tax deficiencies for 1936 and 1937. Thermoid claimed a dividends paid credit in those years for dividends paid in shares of its common stock: Section 27, Revenue Act of 1936.[1] The Commissioner, ruling that the common stock was non-taxable to the stockholders under Section 112(b) (3),[2] disallowed the claim. The Tax Court sustained the Commissioner's holding.[3]

As found by the Tax Court, these are the controlling facts: On September 30, 1936, Thermoid, a Delaware corporation, had a deficit of $1,410,811.50. As of this date, outstanding were 31,578 shares of seven per cent cumulative preferred stock of $100 par value. On these, there had accumulated unpaid dividends of $1,171,054.50, or about $38.50 per share. 296,096 shares of common stock, par value $1, were also outstanding.

To eliminate the deficit and "clear up" all arrears of dividends and sinking fund requirements on the preferred stock, a recapitalization was proposed and consummated. The ultimate result of the recapitalization was that the holder of each share of old preferred stock received 1⅓ shares of new convertible preferred stock plus 4 shares of common stock. Arrears in dividends on the old preferred stock were eliminated without affecting Thermoid's cash or working capital. As stated in a letter of Thermoid's president to the stockholders[4] in which he commented on these changes, the refinancing of the corporation's maturing gold notes would thus be facilitated and a reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, be prevented.

■ It is clear, therefore, that this was a legitimate corporate reorganization with attendant tax consequences: cf. Bazley v. Commissioner, 3 Cir., 1946, 155 F.2d 237; The Okonite Company v. Commissioner, 3 Cir., 1946, 153 F.2d 248.

Thermoid's contention that the common stock issued to old preferred shareholders as a "dividend" was, for tax purposes, a taxable dividend to the shareholder and thus gave rise to a dividends paid credit requires analysis of the mechanics of the recapitalization. In August of 1936, Thermoid's board of directors passed appropriate resolutions and prepared a proposed amendment to the certificate of incorporation. Notice having been given, Thermoid's stockholders met on September 25, 1936, and approved the proposed amendment.

By its terms, the old preferred stock was required to be surrendered and "in lieu thereof" new preferred stock was to be issued (in a proportion of 1⅓ new for 1 old share), thus eliminating all of the old preferred. The amendment then provided that holders of this new preferred, "shall be entitled in addition to the quarterly cash dividends * * * to a dividend of three shares of Common Stock for each share of * * * [new preferred] such dividend to be payable when and as declared by the Board of Directors. Such dividends in shares of Common Stock is in lieu of all

---

[1] 26 U.S.C.A. Int.Rev.Acts, page 837.
[2] 26 U.S.C.A. Int.Rev.Acts, page 855.
[3] Memorandum Opinion, per Tyson, J., entered April 21, 1945, 4 T.C. 1292.
[4] Under date of August 28, 1936, F. E. Schluter, president of Thermoid Company, wrote to the stockholders explaining the proposal and setting forth an "Analysis of Proposed Recapitalization."

dividends in arrears on the" old preferred stock. The amendment further provided that "In case the Corporation shall have failed to declare and pay on or before March 1, 1937, the dividend in shares of Common Stock * * * then so long as such dividend shall remain unpaid on the * * * [new preferred stock] the holders of the Common Stock shall have no voting power, and the holders of the * * * [new preferred stock] shall exclusively possess voting power for the election of directors and for all other purposes." This voting power of the new preferred shareholders was to cease upon the full payment of "said dividend in shares of Common Stock."

Here is the chronology of essential events:

September 30, 1936—Reorganization consummated.

December 14, 1936—Directors declared "special dividend" of one share of common stock on each share of new preferred stock.

December 28, 1936—Thermoid issued 37,944 shares of its common stock as required by the "dividend" declaration and having a market value of $417,384.

January 21, 1937—Directors declared a "special dividend" of two shares of common stock on each share of new preferred.

February 10, 1937—Thermoid issued 81,112 shares of its common stock as required by the "dividend" declaration and having a market value of $959,847.50.

The Tax Court found that the declarations of "dividends" and the issuing to holders of new preferred of the 37,944 and 81,112 shares of common stock were "in accordance with the provisions of the plan of recapitalization."

Before the Tax Court, petitioner conceded that the issuance of new preferred in the proportion of 1⅓ shares for each share of old preferred was tax free to recipients under Section 112(g) (1) (D), Revenue Act of 1936,[5] but contended that the distribution of the common stock was "a transaction separate and distinct from the exchange of preferred shares and outside the reorganization." Following this reasoning, Thermoid argued that the common stock was thus taxable to the shareholders as a stock dividend and that, therefore, it became entitled to a dividends paid credit under Sections 27(a) and (e) of the Revenue Act of 1936.[6]

The Tax Court disagreed with Thermoid. It sustained the Commissioner's contention that the provision for the distribution of the common stock as a dividend was an integral part of the plan of reorganization and the shares of such stock were received by the preferred shareholders as part of the consideration for their old preferred shares; that the common stock was received by them in a tax free exchange described in Section 112(b) (3),[7] and was thus not a taxable dividend in the hands of the preferred shareholder. Consequently, under Section 27 (h),[8] Thermoid is not entitled to the dividends paid credit.

■ To reverse the Tax Court we should be required to substitute for its judgment our own on the controlling question of whether the common stock was distributed as part of the reorganization exchange or a separate, independent transaction. No statute or regulation governs this precise question. Accordingly, we are not at liberty to reach a judgment independently of the Tax Court's conclusion if there is sufficient warrant for it in the record. Dobson v. Commissioner, 1943, 320 U.S. 489, 502, 64 S.Ct. 239, 247, 88 L.Ed. 248;[9] Okonite Company v. Commissioner, supra.

■ There is substantial evidence to support the Tax Court's conclusion. In the aforesaid letter to stockholders,[10] as a fa-

5 26 U.S.C.A. Int.Rev.Acts, page 859.
6 26 U.S.C.A. Int.Rev.Acts, page 837.
7 26 U.S.C.A. Int.Rev.Acts, page 855.
8 26 U.S.C.A. Int.Rev.Acts, page 838.
9 "Whether an apparently integrated transaction shall be broken up into several separate steps and whether what apparently are several steps shall be synthesized into one whole transaction is frequently a necessary determination in deciding tax consequences. Where no statute or regulation controls, the Tax Court's selection of the course to follow is no more reviewable than any other question of fact." Dobson v. Commissioner, supra.
10 See f. n. 4.

vorable factor supporting the plan of reorganization, petitioner's president stated, inter alia, "Holders of present Preferred. Stock will receive 1⅓ shares of new Convertible Preferred Stock plus four shares of Common Stock for each present share." The price of the old preferred holders' assent to the reorganization was the issuance to them of 4 shares of common for each share of preferred in lieu of dividend arrears. A main object of the reorganization was to eliminate the dividend arrears on the old preferred stock. It is at least doubtful whether they would have consented to the elimination of such dividend arrears without the common stock "dividend" or a similar quid pro quo. In such case, the entire plan would have failed.

Thermoid is not helped by the reference to the issuance of common stock as "dividends". Okonite Co. v. Commissioner, supra; Knapp Monarch Co. v. Commissioner, 1942, 1 T.C. 59, affirmed on another ground in 8 Cir., 1944, 139 F.2d 863. Nor is there merit in the argument that the "dividend" was discretionary with the board of directors. True, the amendment stated that the holders of new preferred "shall be entitled * * * to a dividend of three shares of Common Stock for each share of" new preferred and "such dividend to be payable when and as declared by the Board of Directors." But also, in express terms, it gave to the preferred shareholders the means to insure the "declaration" of such "dividend" by investing them with exclusive voting power until such "dividend" be fully paid. We cannot disagree with the Tax Court's conclusion that this made the distribution of common stock to preferred shareholders mandatory.

Finally, we do not regard the mere lapse of three months between the time the reorganization was "consummated" and the distribution of the common stock completed as a factor sufficient to justify reversal of the Tax Court. The issue does not turn on a constitutional question of the power of Congress to tax stock dividends. Koshland v. Helvering, 1936, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756. In its last analysis, this appeal turns on whether the Tax 'Court has committed an error in law. We do not think it has. We believe the Tax Court applied the correct criterion and reached the correct conclusion.

Affirmed.