## LEVITT & SONS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 15, Docket 20194.

Circuit Court of Appeals, Second Circuit.

March 7, 1947.

Carl Sherman and Louis Goldring, both of New York City, for petitioner.

Sewall Key, Acting Asst. Atty. Gen., J. Louis Monarch and L. W. Post, Sp. Assts. to Atty. Gen., for respondent.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

This is a second petition to review a deficiency, redetermined by the Tax Court in the petitioner's income taxes for the fiscal year ended June 30, 1940. On the former review in this court we reversed a decision redetermining a deficiency and remanded with directions to make additional findings. Reference is now made to our opinion in Levitt & Sons, Inc. v. Nunan, 2 Cir., 142 F.2d 795, for the pertinent facts and issues and what we now say is to be treated as supplementary to that.

After the remand, the Tax Court heard the parties by their respective counsel; received additional evidence; and found the facts anew, and substantially as before, but with the important additions that the petitioner was not entirely confident that any suit which Edelman might bring would not succeed, and did not make the payment in question only for the purpose of avoiding the damage to its credit, its reputation and its business generally which might result from such a suit. Having answered the first two questions as it did, the court, though unable to answer the third question categorically, has found sufficient facts to enable us now to decide the issues.

It was for the Tax Court to determine in its discretion whether the additional findings required additional evidence, and to admit and give effect to such pertinent and credible evidence as was offered. Kelleher v. Commissioner, 9 Cir., 94 F.2d 294.

Complaint is now made that it re-opened the case generally and thus went beyond our mandate. We find no just cause for criticism in that respect. All the evidence received appears to have been admissible and provides substantial support for the findings. The facts as found must, therefore, be given effect. Commissioner v. Scottish American Co., 323 U.S. 119, 65 S.Ct. 169, 89 L.Ed. 113.

The findings now make it clear that the so-called expenses were at least to the extent of an undisclosed part a payment made to perfect the title to the property. It is therefore to be treated as capital outlay which enhanced the cost basis of the property. Art. 24-2 Reg. 86. That makes it impossible to hold as a matter of law that the payment was deductible under § 23(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a) (1), as a necessary expense in carrying on petitioner's business. Absent proof to establish that it was a business expense both ordinary and necessary, there was no right to deduct. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212. We have already decided that the payment was not deductible as a loss.

Affirmed.