OPINION. Johnson, Judge: Petitioner claims the right to deduct the fee of $25,000 which it paid for legal services in negotiating, procuring, and carrying out the agreement between itself and International in settlement of the disputes and conflicting claims of its Colombian subsidiaries of the one part, and of Colombian Placers, S. A., the subsidiaries of International, and various individuals of the other part. Petitioner concedes, as it must, that it was not engaged in business in Colombia and that it acquired no assets and cleared no title to property owned by it by virtue of the agreement. But it contends that the parental control and the exercise of its supervisory functions over the activities of its subsidiaries constituted a trade or business within the meaning of section 23 (a) (1) (A), Internal Revenue Code, and that it is entitled to deduct the fee as an ordinary and necessary expense paid in carrying on that trade or business. While the passive ownership of corporate shares falls short of qualifying as a business, we accord merit to the view that a holding company, having the care of investments and, through voting rights, the control of various subsidiaries, may be engaged in the conduct of a business and that it may incur deductible expenses in connection therewith and make expenditures designed to safeguard its holdings and protect its investments. But a clear distinction is to be drawn between activities constituting the business of the shareholding investor, as such, and the business of the corporation which he owns. The fee here in controversy was obviously incurred in connection with a business, and to this extent it meets the test prescribed by Kornhauser v. United States, 276 U. S. 145, and other cases on which petitioner relies. But that business was of the «ubsidiaries, not of petitioner. It is recited in the opening paragraph that the agreement’s purpose is to settle litigation and disputes between petitioner’s subsidiaries and those of International, and the terms of the agreement provide for the freeing of the subsidiaries’ mining concessions from interference by adverse claimants, the acquisition of other mines and concessions by the subsidiaries, and the liquidation of Colombian Placers, S. A., and surrender of the shares of International’s five subsidiaries which held many of the adverse claims. Assuming, arguendo, that if paid by the subsidiaries the fee is of such character as to be an expense deductible by them, we are of opinion that it is not so available to petitioner. The subsidiaries are entities distinct from the parent, and, although their economic advantages redound to the parents’ benefit, the Supreme Court has meticulously distinguished between the two in an application of section 23 (a). In Interstate Transit Lines v. Commissioner, 319 U. S. 590, it said: * * * That subsection limits permitted deductions to those paid or incurred “in carrying on any trade or business.” * * * It was not the business of the taxpayer to pay the costs of operating an intrastate bus line in California. The carriage of intrastate passengers [by the taxpayer’s subsidiary] did not increase the business of the taxpayer. The profit earned on their carriage increased the taxpayer’s profit but so would any other profitable activity wholly disconnected from the taxpayer’s own business. * * * To the same effect are Deputy v. du Pont, 308 U. S. 488, and Missouri-Kansas Pipe Line Co. v. Commissioner (C. C. A., 3d Cir.), 148 Fed. (2d) 460. And in denying a parent the right to deduct interest of 3 per cent paid by it on a loan to its subsidiary, which loan it had guaranteed, this Court said in Eskimo Pie Corporation, 4 T. C. 669; affd. (C. C. A., 3d Cir.), 153 Fed. (2d) 301: * * * Payments made by a stockholder of a corporation for the purpose of protecting his interest therein must be regarded as additional cost of his stock and such sums may not be deducted as ordinary and necessary expenses. W. F. Bavinger, 22 B. T. A. 1239; Michigan Central Railroad Co., 79 Fed. (2d) 427, affirming 28 B. T. A. 437, 444, on this point. * * * But the assumption that the fee, if paid by the subsidiaries, would have been deductible as an expense by them is not in fact supported by the evidence, and hence, a fortiori, it is not deductible by petitioner. The settlement agreement whereby the fee was incurred involved proprietary rights of the subsidiaries and further acquisitions by them, and, significantly, they and not the parent were bound to pay up to 500,000 Colombian pesos in making the settlement, while petitioner itself paid $11,500 and issued to International $50,000 par value shares of its stock. Petitioner argues that the fee was not paid in defense of title to property because it held no title to any of the rights attacked; that “it simply engaged the help of counsel for its business of directing, guiding and supervising, as a parent, its subsidiary corporations.” We can not take so narrow a view of the settlement. By it the subsidiaries not only removed clouds from mining rights already held by them, but acquired new rights, paying about 500,000 Colombian pesos therefor, and petitioner itself paid $11,500 and issued $50,000 par value of its shares to effect the settlement. Legal fees and compromise payments for the clearing of title and acquisition of property are capital expenditures, Farmer v. Commissioner (C. C. A., 10th Cir.), 126 Fed. (2d) 542; Moynier v. Welch (C. C. A., 9th Cir.), 97 Fed. (2d) 471; Porter Royalty Pool, Inc., 7 T. C. 685; Louisiana Land & Exploration Co., 7 T. C. 507; affd. (C. C. A., 5th Cir.), 161 Fed. (2d) 842, and had the subsidiaries paid the fee in issue, clearly it would have represented a capital investment in the rights acquired or confirmed. That character is not altered by the fact that petitioner paid it. Petitioner thereby directly acquired no new asset, but by the payment it made a contribution to the capital of its subsidiaries, and for this no deduction is allowable. Decision mil be entered for the respondent.