MT. MORRIS DRIVE-IN THEATRE COMPANY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12797.

United States Court of Appeals Sixth Circuit.

Oct. 30, 1956.

Richard Katcher, of Ulmer, Berne, La-ronge, Glickman & Curtis, Cleveland, Ohio, for petitioner.

C. Guy Tadlock, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Washington, D. C., on the brief), for respondent.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

PER CURIAM.

The above cause is affirmed for the reasons given in the memorandum opinion of the Tax Court. The drainage system there involved we think was a capital improvement. There is substantial evidence that it added to the value of the petitioner's land for the use to which it had been put; that it is immaterial that that increase in value was not by evidence measured in dollars, and that the inferences of the Tax Court could be and were drawn from the physical configuration of the land and what it had been necessary to do to establish thereon the Drive-In Theatre which the petitioner erected thereon.

The decision of the Tax Court is affirmed.

McALLISTER, Circuit Judge (dissenting).

It appears clear to me that the finding of the Tax Court that the drainage system in question was a permanent improvement to petitioner's property was unsupported by the evidence. If it had not been for the action brought against petitioner by the Nickolas' for damages to their property because of the alleged conduct of petitioner in increasing the drainage of rainfall upon their land, petitioner would never have thought of constructing a drain; and if it had paid $8,-224 to the Nickolas' in settlement of their suit or claims for past, present, and future damages resulting from such increased drainage of water, such payment could not be considered as an expenditure for a permanent improvement to increase the value of its property, or, as the Tax Court found, "a permanent improvement to petitioner's property." There is no difference between the construction of the drain by petitioner and the payment to the Nickolas' of the amount required for its construction. I therefore concur with the minority opinion of the Tax Court and accordingly am of the view that the decision should be reversed.