*Decision will be entered under Rule 50.*

The American Envelope Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 60951. Filed November 20, 1957.

---

*Charles T. Akre, Esq.*, and *Irvin G. Bieser, Esq.*, for the petitioner.
*Stanley E. Jennings, Esq.*, for the respondent.

310

**OPINION.**

LeMire, *Judge:* The question presented is whether the uncontested amounts involved herein are expenditures of a capital nature and therefore nondeductible under section 24 (a) (2) of the Internal Revenue Code of 1939, or are ordinary and necessary business expenses of carrying on petitioner's trade or business and deductible under section 23 (a) (1) (A), or are a loss and deductible under section 23 (f).

The respondent contends that the payments in question were made in connection with the acquisition of a paper machine having a useful life of more than 1 year and are capital expenditures.

Petitioner takes the position that the payments were made to put an end to litigation, to stop injury to petitioner's reputation and credit, and to permit normal business operations, and that the expenditures were ordinary and necessary business expenses of carrying on petitioner's trade or business. *International Shoe Co.*, 38 B. T. A. 81; *Camloc Fastener Co.*, 10 T. C. 1024; *Pressed Steel Car Co.*, 20 T. C. 198; *Welch* v. *Helvering*, 290 U. S. 111; *Federation Bank & Trust Co.* 27 T. C. 960, on appeal (C. A. 2).

It is well settled that, even though an expenditure is ordinary and necessary and is related to a business, it is not deductible if it is an expense of acquiring a capital asset which will not be exhausted during the taxable year.

Petitioner accepts the rule that the decisive test is the character of the transaction which gives rise to the payment. *Colony Coal & Coke Corporation*, 20 B. T. A. 326, aff'd. 52 F. 2d 923; *Hales-Mullaly, Inc.* v. *Commissioner*, 131 F. 2d 509, 512; *Mt. Morris Drive-In Theatre Co.*, 25 T. C. 272, affirmed per curiam 238 F. 2d 85.

The record establishes that petitioner and Sandy Hill entered into a contract whereby the latter was to rebuild and reconstruct a paper machine. The original contract was modified from time to time by oral agreement. A controversy arose as to the amount Sandy Hill was entitled to be paid by reason of its additional costs incurred as a consequence of extras furnished and changes requested by petitioner. Various negotiations between the parties resulted in an adjustment of certain items, but no agreement could be reached as to other disputed items, and Sandy Hill sought redress through legal action. Subsequently, the presidents of the corporations involved arrived at the compromise embodied in the agreement of May 30, 1951. That agreement clearly indicates that the parties were settling their respective claims arising in connection with the fabrication of a paper machine.

Petitioner makes no contention that the payments it made to Sandy Hill prior to the institution of the suit were other than capital expenditures.

Petitioner takes the position that the expenditure was not of a capital nature, since it was advised by its counsel that its liability to Sandy Hill had been fully paid and the compromise payment was made to end the litigation because petitioner felt that to defend the suit would be expensive and interfere with the normal operation of its business and because petitioner felt that the fact that it was being sued for so large an amount would injure its reputation and standing. We do not agree. We think the additional payment made subsequent to the suit was of the same character as the payments agreed upon and made prior to the institution of the action.

The fact that petitioner was motivated in making the payment in a compromise settlement of the litigation for the reason testified

to by its president does not change the character of the transaction which was the acquisition and improvement of a capital asset having a useful life of more than 1 year. Cf. *Colony Coal & Coke Corporation, supra.*

The cases relied upon by petitioner in support of its contention that the amounts here in controversy are deductible, either as ordinary and necessary business expenses or as a loss, do not involve capital expenditures and are otherwise factually distinguishable. Therefore, a discussion of them is not deemed necessary.

We hold that the amount of $90,000 which petitioner paid to Sandy Hill pursuant to the settlement agreement was a capital expenditure.

Petitioner makes no argument that the amount of $6,802.98 to reconstruct the rope carrier, the amount of $1,765.78 expended on excessive freight rate charges, and the amount of $4,558.74 expended for legal services and expenses, are deductible as ordinary and necessary business expenses, in the event it is held that the $90,000 paid under the settlement agreement is a capital expenditure. We have found as a fact that such payments were made in connection with the acquisition of the paper machine. Therefore, the respondent's determination that such payments were in the nature of capital expenditures is sustained.

Since we have held that all the amounts in controversy are capital expenditures within the purview of section 24 (a) (2) of the 1939 Code, they are not deductible as a loss under section 23 (f). *Colony Coal & Coke Corporation* v. *Commissioner,* 52 F. 2d 923; *Levitt & Sons, Inc.* v. *Commissioner,* 160 F. 2d 209, affirming 5 T. C. 913.

*Decision will be entered for the respondent.*