David **WISE**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 11, Docket 27468.

United States Court of Appeals
Second Circuit.

Argued Nov. 1, 1962.

Decided Jan. 4, 1963.

744

Michael Kaminsky, New York City, for petitioner.

Alec A. Pandaleon, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK, FRIENDLY, and MARSHALL, Circuit Judges.

CLARK, Circuit Judge.

Petitioner Wise owned adjoining parcels of property, 32 and 34 Clinton Avenue, Albany, New York, both of which were leased to one Fred E. Ziehm. The lease covering 34 Clinton Avenue contained an option to Ziehm to purchase both parcels for a stated sum. It also gave Wise an option to terminate the lease upon the payment to Ziehm of $25,-000. On February 2, 1952, Ziehm exercised his option to purchase both properties; but Wise took the position that he could rescind Ziehm's option, even after it had been exercised, by tendering $25,000, which Ziehm, however, refused. Ziehm sued for specific performance; but a settlement was reached prior to trial, pursuant to which Wise transferred the 34 Clinton Avenue property to Ziehm, paid Ziehm $6,000 in cash, and cancelled Ziehm s notes for $2,000 which he had acquired for $900. Wise contends that the amount paid in settlement was an "ordinary and necessary expense," deductible on his 1952 income tax return. The Commissioner held it was an expenditure incurred in defense of title and disallowed the deduction. The Tax Court sustained the Commissioner and also ruled that the amount must be added to the basis of the 32 Clinton Avenue property, thus increasing the amount of depreciation on it for 1952 and succeeding years. Wise seeks review of this decision.

Wise relies strongly on Hochschild v. C. I. R., 2 Cir., 161 F.2d 817, where we held that the costs to a director of successfully defending a stockholder's derivative suit were ordinary and necessary expenses. But Judge Frank, dissenting in part, expressed skepticism as to whether this rationale could encompass the entire case. He would have held that the expense of defending the claim that certain stock was not rightfully the taxpayer's was a defense of title and must be capitalized, instead of deducted. We think the authority in this Circuit that is more in point with the case before us is Levitt & Sons v. Nunan, 2 Cir., 142 F.2d 795, reported after remand as Levitt & Sons v. C. I. R., 2 Cir., 160 F.2d 209. There, as in Hochschild, the taxpayer had been subjected to a stockholder's action; but in Levitt the stockholder's action was exclusively concerned with real property transactions. The taxpayer claimed it had settled, irrespective of the merits, to avoid damaging its credit status. The court agreed that, if that were in fact the reason for the settlement payment, the amount would be deductible. Levitt & Sons v. Nunan, 2 Cir., 142 F.2d 795. On remand, the Tax Court found that the settlement was motivated, at least in part, by a wish to avoid losing the property. We then sustained the Tax Court's ruling that the payment was not deductible as a loss. Levitt & Sons v. C. I. R., 2 Cir., 160 F.2d 209. Here there is no question but that Wise settled with Ziehm to preserve his title to the 32 Clinton Avenue property. Thus we do

not see how the settlement costs can constitute deductible losses. See also United States v. Wheeler, 5 Cir., 311 F.2d 60.

The Commissioner also argued, and was sustained by the Tax Court, that Wise realized various gains in the course of the settlement, including the gain on the Ziehm notes. The taxpayer makes no real challenge to this aspect of the decision, and we see no grounds for upsetting it.

Affirmed.